## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNION MANOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23CV1302 JAR |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Union Manor's Motion to Set Aside Order/Judgment. ECF No. 15. Defendant Social Security Administration filed its response in opposition. For the reasons set forth below, Plaintiff's Motion will be denied.

On December 18, 2023, Defendant filed its Motion to Dismiss for Lack of Jurisdiction. Plaintiff did not timely respond, and on January 25, 2024, the Court granted Defendant's Unopposed Motion to Dismiss and found it lacked subject matter jurisdiction. ECF No. 13. Now Plaintiff files its Motion claiming that it never received Defendant's Motion because Defendant had counsel's email wrong and never received the mailed copy. However, counsel's email, charlesekirksey@cs.com, is correct in the Court's Electronic Case Filing (ECF) system. The electronic notice when Defendant's Motion was e-filed was automatically sent to counsel's email on file. Defendant is not responsible for sending out the ECF notifications, so any error on counsel's email is irrelevant. Further, the Clerk's office had also sent two ECF notifications to Plaintiff regarding this district's Disclosure Statement requirement on November 1 and 7, 2023, which Plaintiff also failed to comply with. ECF Nos. 4 and 5. Plaintiff also failed to comply with the Court's order on November 16 directing a status report be filed by November 26. ECF No. 6.

Even if Plaintiff's reasons for failing to timely respond and failing to comply with the rules were sufficient, the Court already found that Defendants arguments in support of its Motion that the Court lacked subject matter jurisdiction were well-taken and are compelling. Those reasons include the following: Plaintiff's tortious interference claims are barred under the Federal Tort Claims Act (FTCA); Plaintiff failed to exhaust its administrative remedies under the FTCA; even if Plaintiff had exhausted its administrative remedies under the FTCA, its claim is barred by the two-year statute of limitations for claims under the FTCA; and, applicable regulations specifically bar judicial review of the agency's discretionary decision to remove Plaintiff as a representative payee.

For these reasons, the Court finds that Plaintiff does not provide a meritorious argument for this Court's Order to be set aside.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Union Manor's Motion to Set Aside Order/Judgment [ECF No. 15] is **DENIED.**

Dated this 23rd day of February, 2024.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**